**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian J. Mullen, Trustee, ) | No. CV 12-00584-PHX-FJM |
| ) | BK 12-15333-RJH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Bethany Chapel, Trustee of the David J. ) | |
| Glimcher 2008 Irrevocable Trust, ) | |
| ) | |
| Defendant. ) | |
| ) | |

We have before us the motion of defendant to withdraw bankruptcy reference (doc. 2) and plaintiff's response (doc. 3). Defendant did not file a reply.

Before filing for bankruptcy, debtor David J. Glimcher created the David J. Glimcher 2008 Irrevocable Trust and transferred over one million dollars in assets into it. The primary beneficiary is Glimcher's ex-wife, Vicky Roberts. Plaintiff, chapter 7 trustee of Glimcher's bankruptcy estate, filed this action to recover the trust's assets. He asserts claims for the avoidance of certain transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and A.R.S. §§ 44-1004(A)(1) and 44-1005. Defendant seeks to withdraw the reference of this adversary proceeding, asserting a right to jury trial. Defendant objects to a jury trial in bankruptcy court, and contends it is more efficient for us to manage this case before trial.

We "may withdraw, in whole or in part, any case or proceeding referred under this section, on [our] own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Factors to consider in determining whether cause exists include "the efficient use

1  of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration,
2  the prevention of forum shopping, and other related factors." Security Farms v. Int'l Bhd. of
3  Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).

4  This case should remain in bankruptcy court for pre-trial proceedings. The
5  bankruptcy court may "retain jurisdiction over the action until *trial is actually ready*." In re
6  Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007). Discovery matters, pre-trial
7  conferences, and routine motions may be handled by a bankruptcy court without abridging
8  a party's Seventh Amendment right to a jury trial. Id. at 787. In addition, the bankruptcy
9  system promotes judicial economy and efficiency, goals that would be subverted if an action
10 were required to be immediately transferred to district court because of a jury trial right. See
11 id. at 787-88.

12 **IT IS ORDERED DENYING** the motion of defendant to withdraw bankruptcy
13 reference (doc. 2).

14 DATED this 10th day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge